UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: DUNG TRUNG DUONG : CHAPTER 13
    Debtor(s) :
:
CHARLES J. DEHART, III :
STANDING CHAPTER 13 TRUSTEE :
    Movant :
:
vs. :
:
DUNG TRUNG DUONG :
    Respondent(s) : CASE NO. 1-20-bk-03462

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 11th day of February, 2021, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

    a. Plan payment calculation sum of Lines 34, 35, 36 45 and Line 33. (IRS and Revenue)

2. Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, debtor has excess non-exempt equity in the following:

    a. Judgment

3. Trustee further objects to debtor(s)' plan subject to debtor(s) providing to the Trustee a Business Debtor Certification and copies of all necessary and related documents which will enable the Trustee to file his Business Examination Report with the Court pursuant to Sections 1302(c), Section 1106(a)(3) and Section 1106(a)(4) of the Bankruptcy Code. More specifically, Trustee requires the submission of the following:

    a. Certification of business debtor.
    b. Federal Income Tax Return for the two most recent years.
    c. Insurance policies for:

    a) Business liability
    b) Workman's compensation liability.

   d. Employers quarterly payroll tax returns. If applicable, copies of the bank statements for six months preceding the filing.
   e. Copy of bank statements for six months preceding the filing of the petition.

4. Statement of Financial Affairs lacks description. (Lines 4 and 27)

5. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

   a. Unfiled/unassessed 1Q20 – 3Q20 FICA tax returns (Claim #6).

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

      Respectfully submitted:

      /s/Charles J. DeHart, III
      Standing Chapter 13 Trustee
      8125 Adams Drive, Suite A
      Hummelstown, PA 17036
      (717) 566-6097

## CERTIFICATE OF SERVICE

AND NOW, this 22nd day of February, 2021, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Charles Petrie, Esquire
3528 Brisban Street
Harrisburg, PA 17111

      /s/Deborah A. Behney
      Office of Charles J. DeHart, III
      Standing Chapter 13 Trustee2