UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: DUNG TRUNG DUONG : CHAPTER 13
     Debtor(s) :
:
CHARLES J. DEHART, III :
STANDING CHAPTER 13 TRUSTEE :
     Movant :
:
vs. :
:
DUNG TRUNG DUONG :
     Respondent(s) : CASE NO. 1-20-bk-03462

TRUSTEE'S AMENDED OBJECTION TO AMENDED CHAPTER 13 PLAN

     AND NOW, this 26th day of March, 2021, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

     1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

     Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

     a. Plan payment calculation sum of Lines 34, 35, 36 45.
        (IRS and Revenue)

     2. Trustee further objects to debtor(s)' plan subject to debtor(s) providing to the Trustee a Business Debtor Certification and copies of all necessary and related documents which will enable the Trustee to file his Business Examination Report with the Court pursuant to Sections 1302(c), Section 1106(a)(3) and Section 1106(a)(4) of the Bankruptcy Code. More specifically, Trustee requires the submission of the following:

     a. Certification of business debtor.
     b. Federal Income Tax Return for the two most recent years.
     c. Insurance policies for:

        a) Business liability
        b) Workman's compensation liability.

     d. Employers' quarterly payroll tax returns. If applicable, copies of the bank statements for six months preceding the filing.
     e. Copy of bank statements for six months preceding the filing of the petition.

3. Statement of Financial Affairs lacks description. (Lines 4 and 27)

4. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

    a. Unfiled/unassessed 1, 2 and 3Q20 Federal FICA tax returns (Claim #6).

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of debtor(s) plan.
b. Dismiss or convert debtor(s) case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/James K. Jones
Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 26th day of March, 2021, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Charles Petrie, Esquire
3528 Brisban Street
Harrisburg, PA 17111

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee2